```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF INDIANA
                    SOUTH BEND DIVISION
```

OTTO A. COOLEY,                )
                               )
Plaintiff,                     )
                               )
vs.                            )    NO. 3:11-CV-406
                               )
M. MATTERN, *et al.*,          )
                               )
Defendants.                    )

## OPINION AND ORDER

This matter is before the Court on the complaint filed by Otto A. Cooley, a *pro se* prisoner, on September 19, 2011. For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Otto A. Cooley, a *pro se* prisoner, filed this complaint in the Marshall Circuit Court. The defendants removed it because it asserts federal claims pursuant to 28 U.S.C. § 1983. Cooley alleges that he was denied the ability to browse the law library and was required to use "a mail-delivery system to apply for any research materials" (DE # 1 at 4) while he was housed in the Marshall County Jail from June 21, 2010, to March 16, 2011. Cooley states that he was appointed a public defender on June 29, 2010, and that though he wanted to fire him, he did not. Instead he plead guilty and was sentenced to 13 years. Cooley alleges that he was denied forms on

which to present his filings to the state court because the jail did not have a form for a motion to suppress or for firing his attorney.

DISCUSSION

Even though this case was originally filed in the Marshall Circuit Court and removed to this court, 28 U.S.C. § 1915A mandates that this court review it before allowing Cooley to proceed.

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, a plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

"[A]ccess to legal materials is required only for unrepresented litigants . . .." *Campbell v. Clarke*, 481 F.3d 967, 968 (7th Cir. 2007). Cooley clearly states in his complaint that he was represented by a public defender and that his interest in using the law library was solely in connection with his criminal case. Therefore, he was not entitled to access to legal materials or forms. Furthermore, even if he had not been represented, he had access to legal materials via "a mail-delivery system." There is no federal constitutional right to browse the library; indeed, there is no "abstract, freestanding right to a law library . . .." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Thus, even if Cooley had not been represented and had not had access to legal materials via "a mail-delivery system," in order to prevail on a claim for having been denied access to the law library, he would have to "demonstrate that state action [caused] some actual concrete injury." *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000). Here, Cooley suffered no such injury.

Though Cooley argues that his attorney did not help him and was ineffective, he does not allege that either were caused by

-3-

state action nor by his lack of access to the jail law library – nor would it be reasonable to infer that they were. He argues that he wanted to fire his attorney, but he did not. Though he says that he wanted forms from the law library, he states that he wrote to the court without a form. Clearly he had the ability to write and tell the state court that he wanted to fire his attorney, represent himself, and conduct legal research. Doing so would have required neither a form nor physical access to the law library, nor even a "mail-delivery system." In addition, even if he had been unable to write to the court, he could have spoken to the court during his guilty plea hearing and explained that his attorney was not helping him and that he wanted to fire him and conduct his own legal research.

Because Cooley had no federal constitutional right to access the jail law library, the complaint does not state a claim on which relief can be granted and this case must be dismissed.

CONCLUSION

For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**DATED: October 25, 2011**             /s/RUDY LOZANO, Judge
                                        **United States District Court**